**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 15, 2022*
Decided September 20, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

| | | |
|---|---|---|
| No. 22-2023 | | Appeal from the United States District Court for the Western District of Wisconsin. |
| FAIRLY W. EARLS,<br>    *Petitioner-Appellant,* | | |
| *v.* | | No. 21-cv-377-wmc |
| FEDERAL BUREAU OF PRISONS,<br>    *Respondent-Appellee.* | | William M. Conley,<br>*Judge.* |

**O R D E R**

Fairly Earls is serving a 30-year sentence imposed by Wisconsin's state judiciary. He also has a 5-year federal sentence, and the Bureau of Prisons has lodged a detainer with state officials. Earls wants the Bureau to rescind that detainer. He believes that his state and federal sentences run concurrently, so that, by the time his Wisconsin sentence ends, his federal sentence also will be over. The Bureau rejected that argument. Earls

---

* The appellee was not served with process and has not participated in this appeal, which we resolve without argument because appellant's brief and the record adequately present the matter. See Fed. R. App. P. 34(a); Cir. R. 34(f).

sought review by a petition under 28 U.S.C. §2241, and the district court, too, rejected his contention. 2022 U.S. Dist. LEXIS 98451 (W.D. Wis. June 2, 2022).

The federal judgment was imposed in 2011 in the Northern District of Indiana. It is silent with respect to the choice between concurrent and consecutive service. Earls did not (then) ask the judge to make an explicit choice, and he did not appeal from the judge's failure to do so. In 2015 the Bureau wrote a letter asking Judge Van Bokkelen, who had imposed the sentence, whether he intended concurrent or consecutive service; Judge Van Bokkelen replied that the absence of a provision for concurrent service implies consecutive service. He cited 18 U.S.C. §3584 and did not give any weight to his intent in 2011. We dismissed Earls's appeal. *United States v. Earls*, No. 15-3651 (7th Cir. Apr. 6, 2016) (nonprecedential disposition). Federal judges lose jurisdiction in criminal cases shortly after imposing sentence (unless a retroactive statute of Sentencing Guideline applies) and cannot modify or amplify their judgments by answering letters from the Bureau of Prisons years after the judgments have become final. See Fed. R. Crim. P. 35. Our 2016 decision observes that a district judge's response to an administrative inquiry is not a judicial order and cannot be appealed. We told Earls that the right way to obtain review of the Bureau's decision is to commence a proceeding under §2241.

Earls resisted. He asked the Supreme Court to review our 2016 decision (it declined). He asked us to reopen it (we declined). He filed additional claims of several kinds. In 2021 he finally sought relief under §2241, only to find that the district judge treated the sentencing judge's response to the Bureau's inquiry as if it amounted to an amended judgment in the federal criminal case, the very status that our 2016 decision holds it does not have.

Still, a remand is unnecessary. As Judge Van Bokkelen wrote in 2015, a statute provides what happens when a federal criminal judgment is silent on the choice between consecutive and concurrent service. A sentence that does not provide otherwise runs consecutively to any other sentence imposed at a different time. 18 U.S.C. §3584(a). The federal and state sentences were imposed at different times and so run consecutively, just as the Bureau has concluded. Earls is not entitled to relief under §2241.

AFFIRMED